## THE STATE VS. CRYTES.

The verdict of a jury, when not totally unsupported by the evidence, will not be disturbed by this court, (*Lindsay vs. Wayland,* 17 *Ark.*, 385,) though the weight of evidence be against it.

*Appeal from Green Circuit Court.*

Hon. W. R. CAIN, Circuit Judge.

Mr. Attorney General JORDAN, for the state.

WATKINS & ROSE, for the appellee.

There being no question of law reserved, this court will not reverse the judgment upon the mere weight or preponderance of evidence, unless the verdict shocks one's sense of justice. 15 *Ark.*, 403; 18 *id.*, 598; 19 *ib.*, 559.

Mr Justice HARPER delivered the opinion of the court.

At the September term of the circuit court of Green county, 1865, two indictments were found against the appellee for vending ardent spirits in less quantities than one quart without license. The one, on which this appeal is taken, was against David Crytes alone: the other against David Crytes and one John Crytes, both charging the same character of an offence, but fixing the times, the one in July 1865, the other in September, 1865. It appears from the record that a trial was first had upon the indictment against David Crytes, the appellee, and John Crytes, and that the appellee was acquitted. On the trial of this cause, the aforesaid acquittal was plead in bar, as also the plea of " not guilty:" and the only question appearing from the record was, whether the acquittal in the case of the State vs. David Crytes, the appellee, and John Crytes, was for the same offence charged in the indictment in this case.

On this question, the evidence strongly indicates that two separate offences were contemplated in the two indictments, on which two convictions might have been properly had against the appellee, on sufficient proof. It was for the jury to ascertain and determine the question of fact involved, from the testimony; and it cannot be said that the evidence in the record precludes the possibility that the offence for which appellee had been acquitted was the same charged against him in this case. The jury evidently took that view of the testimony, and found their verdict of "not guilty," on that conclusion. The usual judgment was rendered and the states' attorney asked for a new trial, on the ground that the verdict was contrary both to law and evidence, which the court refused.

The error assigned is, that the court erred in refusing to grant a new trial.

New trials are usually granted where manifest injustice has been done, and reasonable probability exists that, in another trial, the result would be changed.

Though in the opinion of this court the weight of evidence be against the conclusion of the jury, it does not follow that there was error in refusing to grant the new trial by the court below. In the case of *Lindsay vs. Wayland*, 17 *Ark.*, 385, it is held that the verdict of a jury when not totally unsupported by evidence, even though the weight of evidence is against the verdict, will not be disturbed by the court.

Holding this decision to be the correct rule, this court think there is no error in the proceedings and judgment of the court below; and the same is affirmed.